NO. 07-02-0375-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 13, 2003



______________________________




TARA SHAREE JOHNSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 40,305-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant Tara Sharee Johnson filed a Motion to Dismiss Appeal on January 6,
2003, averring that she no longer wishes to prosecute her appeal. The Motion to Dismiss
is signed by both appellant and her attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed
the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Chief Justice















Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



val="undOvr"/>
 









NO. 07-10-00494-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



DECEMBER
16, 2010

 



 

CHARLES DEWAYNE STEPHEN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 18,176-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

OPINION ON ABATEMENT

            On
June 24, 2010, pursuant to section 501.014(e) of the Texas Government Code, the
trial court signed and entered an Order
to Withdraw Inmate Funds.[1]  By the withdrawal notification, the
trial court directed the Texas Department of Criminal Justice, Institutional
Division, to withhold from Stephens inmate trust account $1,786.50.  Stephen filed pro se notice of appeal on December
10, 2010, challenging the withdrawal notification.  The October
16, 2006 Judgment upon which the withdrawal is based does not assess or order
costs.[2]  

In
Harrell v. State, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme Court
held that a withdrawal notification directing prison officials to withdraw
money from an inmate trust account pursuant to section 501.014(e) is a civil
matter akin to a garnishment action or an action to obtain a turnover
order.  Id. at 317-19; see also
Johnson v. Tenth
Judicial Dist. Court of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App.
2008) (holding that orders directing withdrawal of funds from inmate trust
accounts is not a criminal matter).  In determining whether Harrell was accorded
constitutional due process in that proceeding, the Court balanced three factors
discussed in Mathews v. Eldridge, 424
U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and noted that Harrell had "already
received some measure of due process." 
Harrell, 286 S.W.3d at 320.

            The
three Eldridge factors
considered in Harrell are: (1) the private interest affected by the
official action, (2) the risk of an erroneous deprivation of such interests
through the procedures used, and the probable value, if any, of additional or
substitute procedural safeguards, and (3) the government's interest, including
the function involved and the fiscal and administrative burdens that additional
or substitute procedural requirements would entail.  Id. at 319-20 (citing Mathews,
424 U.S. at 335).  The Court found the private
interest to be affected to be easily ascertainable by reference to the amount
identified in a prior court document, which could be stated with exactness as
"the costs assessed when the convicting court sentenced him."  Id. at 320.  Regarding the risk of erroneous
deprivation, the Court identified the risk as modest where withdrawal
notifications under the statute are based on an amount identified in a previous
court document.  See Tex. Gov't Code Ann.
§ 501.014(e)(1)-(6).  The Court noted that "Harrell was . . .
notified of the costs assessed when the convicting court sentenced him"
and he was free to contest them at the time they were assessed.  Harrell, 286 S.W.3d
at 320.  However, the Court went
on to recognize there could be a greater risk of erroneous deprivation in
instances in which the amount in the withdrawal notification varied from the
amount in the underlying judgment or those instances where there were clerical
or other errors.  Id.  In
assessing the final factor, the government's interest, the Court addressed the
fiscal and administrative burdens of added or alternative procedures and
concluded that the Texas Department of Criminal Justice would face expending
more money than it would collect if it were required to conform to "full-blown"
statutory garnishment requirements.  Id.
 In the Court's opinion, such a drawn-out
procedure might subvert the Legislature's goal of efficient
cost-collection.  Id.

Harrell had
been convicted of drug charges in 1997 and 2003.  In 2006, the convicting trial court signed an
order authorizing the Texas Department of Criminal Justice, Institutional
Division, to withdraw funds from his inmate trust account to pay for court
costs and fees for appointed counsel. 
Harrell was provided with copies of the withdrawal notifications.  He then moved to rescind the withdrawal
notifications alleging denial of due process. 
His motion was denied, and his direct appeal to this Court was dismissed
for want of jurisdiction on the ground that no statutory mechanism was available
for appealing a withdrawal notification. 
See Harrell v. State,
Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.App.
LEXIS 6416, at *3 (Tex.App.--Amarillo Aug. 13, 2007),
rev'd, 286
S.W.3d 315 (Tex. 2008). 

            In reversing this Court and
rendering judgment affirming the trial court's Order Denying Harrell's Motion
to Rescind, the Supreme Court held that due process entitles an inmate to
receive notice[3]
and an opportunity to be heard, even though those requirements might be
accorded the inmate after funds are withdrawn. 
Harrell, 286 S.W.3d at 321.  It concluded that, because Harrell had
received notice (a copy of the withdrawal notification) and an opportunity to be heard[4] (the motion to rescind), he had received all that due process
required.  Id.  The Court added, "[t]he Constitution
does not require pre-withdrawal notice or a comprehensive civil garnishment
proceeding."  Id.

             On the limited record before this Court, we
are unable to determine if Stephen has been given all that due process
requires.  Specifically, we are unable to
determine whether Stephen has been (1) provided the necessary underlying
documentation, and (2) afforded an adequate opportunity "to compare the
amounts assessed by the trial court [in the underlying criminal proceeding] to
the amount withdrawn and alert the court of any alleged errors."  See id.  In that respect, we note
that the "risk of
an erroneous deprivation of [Stephen's] interests through the procedures
used" in this particular case is apparent on the face of the documents
contained in the Clerk's Record.  See
id. at 320.

            If an appellate court is uncertain
about the intent of an order to finally dispose of all claims, it can abate the
appeal to permit clarification by the trial court.  See
Tex. R. App. P. 27.2.  Because the record does not reflect that the trial
court has entered an appealable order either granting or denying a motion to
confirm, modify, correct, or rescind the prior withdrawal notification, it
would appear that Stephen's notice of appeal
is premature.  See Williams v. State, Nos.
07-10-0091-CV, 07-10-0100-CV, 07-10-0101-CV, 2010 Tex.App.
LEXIS, 2998, at *8-*9, (Tex.App.--Amarillo
April 22, 2010, no pet. h.).  However,
because we are directed not to elevate form over substance in construing
pleadings and because we construe Stephens notice of appeal as a motion to
rescind the withdrawal notification that was filed with this Court rather than
with the trial court, we will abate and remand to allow the trial court the
opportunity to dispose of this pending motion. 
See Higgins v. Randall County Sheriffs
Office, 257 S.W.3d 684, 688 (Tex. 2008) (declining to elevate form over
substance and concluding that the affidavit of indigence was adequate to
fulfill the fundamental purpose of the rule).  Finally, we note that Stephen indicates, in
his notice of appeal, that he previously filed a motion to quash and vacate
courts order to withdraw funds, but that the trial court has not ruled on
this filing.  While no such document is
included in the clerks record of this case, such a motion would appear to put
in issue the withdrawal notification and, as such, request a final, appealable
order.

            Accordingly, this Court sua sponte abates
this appeal for 90 days from the date of this order to allow the trial court to
rule on Stephens pending motion which was improperly denominated a notice of
appeal.  All appellate timetables will
begin to run from the date a final, appealable order is signed.

            It is so ordered.

                                                                                    Per
Curiam











[1]This document is not an "order" in the
traditional sense of a court order, judgment, or decree issued after notice and
hearing in either a civil or criminal proceeding.  The controlling statute, Tex. Gov't Code Ann. § 501.014(e)
(Vernon Supp. 2009), describes the process as a "notification by a
court" directing prison officials to withdraw sums from an inmate's trust
account, in accordance with a schedule of priorities set by the statute, for
the payment of "any amount the inmate is ordered to pay by order of the
court."  See id. at § 501.014(e)(1)-(6); see also Harrell v. State,
286 S.W.3d 315, 316 n.1 (Tex. 2009). 
This document is more akin to a judgment nisi.  A judgment nisi, commonly used in bond
forfeiture proceedings, is a provisional judgment entered when an accused fails
to appear for trial.  A judgment nisi
triggers the issuance of a capias and it serves as notice of the institution of a bond
forfeiture proceeding.  It is not final
or absolute, but may become final.  See
Safety Nat'l Cas. Corp. v. State, 273 S.W.3d 157, 163 (Tex.Crim.App. 2008).  Nisi means "unless," so a judgment
nisi is valid unless a party takes action causing it to be withdrawn.  Id.  Similarly, a withdrawal notification
issued pursuant to section 501.014(e), triggers a trust fund withdrawal, serves
as notice of the collection proceeding, and continues to operate unless the
inmate takes action causing the notification to be withdrawn.  Therefore, rather than refer to that document
as an order, we prefer to use the term "withdrawal notification" to
avoid confusion with an underlying court order or judgment ordering the payment
of a sum falling within at least one of the six priority categories listed in
the statute.





[2] The Judgment includes a space for the trial court to
enter an assessment of costs.  However,
this portion of the judgment was left blank.  Subsequently, on October 16, 2006, a bill of
costs was entered in the clerks record that assessed costs relating to
Stephens conviction to be $1,786.50.





[3]In assessing the risk of erroneous deprivation of
property, the Supreme Court, in Harrell, considered the risk to be "modest" because notice under
the statute is "based on an amount identified in a prior court
document."  Harrell, 286 S.W.3d at 320 (emphasis
added).  The Court went on to comment
that the risk would be minimized if the trial court included a copy of the
underlying order or judgment that assessed costs when it issues a withdrawal
notification.  We wholeheartedly adopt
the Supreme Court's recommendation in this regard.  

We further note that the mere assessment of attorney
fees does not make them collectable through this process.  Under article 26.05(g) of the Texas Code of
Criminal Procedure, the trial court has authority to order reimbursement of
appointed attorney fees only if the court makes a fact-specific determination
that a defendant has financial resources that enable him to offset, in part or
in whole, the costs of the legal services provided.  See Tex.
Code Crim. Proc. Ann. art.
26.05(g) (Vernon Supp. 2009); see also Mayer v. State, 309 S.W.3d 552, 557 (Tex.Crim.App. 2010).





[4]While the court of appeals's opinion is silent on whether a hearing was held
on Harrell's motion to rescind, Harrell, 2007 Tex.App. LEXIS 6416, at *3, the trial court
did enter a specific order denying his motion to rescind the withdrawal
notification.  We read the Supreme
Court's opinion as assuming that, by this process, Harrell was given "an
opportunity to be heard."  Harrell, 286 S.W.3d at 321.